UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN C. THOMAS | CIVIL ACTION |
| VERSUS | NO: 11-1384 |
| STEVEN RADER, WARDEN | SECTION: R(2) |

**ORDER AND REASONS**

Before the Court is petitioner Steven Thomas's motion to appeal *in forma pauperis*. Because the petitioner did not indicate which issues he intends to pursue on appeal, the Court DENIES Thomas's motion.

**I. Background**

Petitioner Steven Thomas is a convicted inmate currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana. On June 10, 2011, Thomas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Magistrate Judge Wilkinson, having determined that an evidentiary hearing was unnecessary, recommended that Thomas's petition for habeas corpus be denied and dismissed with prejudice.[2] This Court approved the Magistrate Judge's Report and Recommendation and adopted it as

---

[1] R. Doc. 1.

[2] R. Doc. 12.

its opinion on January 9, 2012.[3] Because the Court found that Thomas did not make a substantial showing of the denial of a constitutional right, the Court denied Thomas a certificate of appealability.[4] Thomas now seeks leave to appeal the district court's denial of his habeas petition *in forma pauperis*.[5]

**II. Standard**

A plaintiff may proceed in an appeal *in forma pauperis* when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also* FED. R. APP. P. 24(a). A court may dismiss the case at any time if it determines that "the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *See Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a

---

[3] R. Doc. 14.

[4] R. Doc. 15.

[5] R. Doc. 19.

person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship."). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

**III. Discussion**

Thomas's motion to proceed *in forma pauperis* indicates that he had an average monthly balance of $63.33 for the six months before the motion's filing. Thomas reports no other accounts or resources, is not employed, and has a current account balance of $0.00. This suggests that he is unable to pay the costs of appeal.

Thomas has not, however, indicated to the Court which issues he intends to pursue on appeal. A litigant who wishes to proceed *in forma pauperis* in the court of appeals is required to provide the district court with an affidavit that "states the issues that

the party intends to present on appeal." FED. R. APP. P. 24(a)(1)(C); 28 U.S.C. § 1915(a)(1) (requiring affidavit to "state the nature of the . . . appeal and affiant's belief that the person is entitled to redress"). Thomas did not comply with these rules. *See, e.g., Smith v. School Bd. of Brevard County*, 2010 WL 2026071, at *1 (M.D. Fla. May 20, 2010); *United States v. One 2000 Land Rover*, No. 07-382, 2008 WL 4809440, at *2 (S.D. Ala. Oct. 24, 2008); *Wentworth v. Morgan*, 2007 WL 710167, at *1 (E.D. Ky. Mar. 7, 2007); *Carson v. AJN Holdings*, 2007 WL 843845, at *1-2 (E.D. Tenn. Mar. 19, 2007). Without a statement of the issues he intends to pursue on appeal, the Court cannot find that this appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *see also McQueen v. Evans*, 1995 WL 17797616, at *2 (5th Cir. Oct. 11, 1995) (failure to present arguments for appeal in IFP motion constitutes abandonment of those arguments). The Court finds no presentation of any issue that warrants a departure from the earlier judgment that denied Thomas's request for post-conviction relief.

**III. CONCLUSION**

Accordingly, the Court DENIES Thomas's motion for leave to appeal *in forma pauperis*.

New Orleans, Louisiana, this ___8th___ day of March, 2012

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE